UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| PAMELA CUCHICARA, *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>DANIEL BLANEY, *et al.*,<br><br>  Defendants. | Case No. 2:24-CV-304-GSL-AZ |

# **ORDER**

This matter is before the Court on the Findings, Report, and Recommendation of United States Magistrate Judge Pursuant to 28 U.S.C. § 636(b)(1)(B) & (C) [DE 34] ("R&R"). For the reasons fully explained in the report, Magistrate Judge Zanzi recommends that the Court grant Defendants' Motion to Dismiss [DE 15].[1] More specifically, he recommends that this case be dismissed on the basis of collateral estoppel. [DE 34 at 20-26].

The parties were given an opportunity to file objections to the R&R pursuant to Fed. R. Civ. P. 72(b)(2). Plaintiffs filed their Objection [DE 35] on August 22, 2025, and Defendants filed their Objection [DE 36] on August 26, 2025. A hearing was held on September 30, 2025, where the parties were given an opportunity to further argue their position on the R&R. The primary issue before the Court is whether collateral estoppel bars the instant lawsuit. Specifically, whether the findings of the Newton County Superior Court and the Indiana Court of Appeals, involving Plaintiffs, bar the legal malpractice claim pending before this Court. *See Sain et al. v. The Est. of*

---

[1] In addition to recommending that the Court grant Defendants' Motion to Dismiss, Judge Zanzi also recommended that the Court grant Defendants' Motion to Strike Plaintiffs' Motion for Summary Judgment and Exhibits [DE 19] and deny Plaintiffs' informal request to convert Defendants' Motion to Dismiss to a Motion for Summary Judgment. The Court adopted those findings on September 3, 2025. *See* [DE 39].

*Judith Anne Sain, et al.*, Cause No. 56D01-2305-PL000416 (Newton County Super. Ct.) *and Est. of Sain v. Sain*, 254 N.E.3d 1136 (Ind. Ct. App. 2025).

Collateral estoppel "relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The Court has reviewed the R&R and the parties' objections in depth. As a result, the Court reiterates Magistrate Judge Zanzi's findings regarding collateral estoppel, particularly highlighting that "it does not matter whether the claims are different in the two lawsuits; what matters are the facts or issues decided." [DE 34 at 21] (internal citations omitted); *In re Luedtke*, 429 B.R. 241, 251 (Bankr. N.D. Ind. 2010) ("[I]n the situation in which a different *claim* is asserted in a subsequent lawsuit, collateral estoppel will still apply if an issue of fact material to both actions was determined in the prior case") (emphasis in original).

Magistrate Judge Zanzi found, and this Court agrees, that while legal malpractice was not litigated in the related state court action, "the claims need not be identical; the issues are what matters." [DE 34 at 22-23]. The issue central to the state court case – whether Kenneth and Judith Sain intended their 2009 wills to be irrevocable – is also central to this case. The Indiana state court has already decided this issue: "no language in the 2009 wills … indicate[] or suggest any restriction or limitation on this transfer such as the existence of an agreement or promise not to revoke or revise their wills in the future[.] … [T]he [c]ourt further concludes that Plaintiffs have not presented designated evidentiary material reflecting any agreement or promise by Judith not to revoke her 2009 will[.] [DE 16-6]. Allowing this matter to continue would be allowing Plaintiffs' another chance to litigate an issue already decided, precisely what collateral estoppel prohibits.

Accordingly, the Court **ADOPTS** the R&R [DE 34] in full and **GRANTS** the Defendants Motion to Dismiss [15].

SO ORDERED.

ENTERED: September 30, 2025

/s/ GRETCHEN S. LUND
Judge
United States District Court